JS-6

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY MAZMANIAN and MICHAEL MCGUINNESS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LCPTRACKER, INC.,<br><br>Defendant. | Case No. 8:24-cv-02701-JAK-DFM<br><br>**FINAL JUDGMENT** |

**ORDER AND FINAL JUDGMENT**

On March 30, 2026, a Preliminary Approval Order was entered as to the Settlement between Plaintiffs, individually and on behalf of the Settlement Class, and Defendant LCPTracker, Inc.

On April 29, 2026, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Settlement Agreement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing;

On August 24, 2026, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the First Amended Complaint with prejudice. Prior to the Final Approval Hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Program was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Therefore, the Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees and costs, and the payment of Service Awards. No Settlement Class Members appeared at the hearing.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, it has been determined that the Settlement is fair, adequate, and reasonable. Having considered the application made by Class Counsel for a payment of attorney's fees and costs from the settlement funds, and the portion of the Motion for Final Approval, it has been determined that the foregoing payments are reasonable and appropriate.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement as Exhibit A.

2. For the purposes of this Settlement, the Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendant.

3. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

4. The Settlement is approved as fair, reasonable and adequate, and in the best interest of the Settlement Class. The Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. This weighs in favor of approval of Settlement.

5. Final approval of the Settlement is granted, including, but not limited to, the releases in the Settlement Agreement and the plans for distribution of the Settlement Fund. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement Agreement and this Final Approval Order and Judgment.

6. The Parties shall effect the Settlement Agreement in accordance with its terms.

**OBJECTIONS AND OPT-OUTS**

No Settlement Class Members requested to opt out of the Settlement.

7. No objections were filed by Settlement Class Members. Accordingly, no objections counsel against approval of the Settlement.

8. All persons and entities who have not objected to the Settlement in the

manner provided in the Settlement Agreement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

## CLASS CERTIFICATION

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment, the following Settlement Class is certified:

> All United States residents to whom Defendant sent an individual notification that they were affected by the Data Incident.
>
> Excluded from the Settlement Class are (a) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

10. As used throughout this Order, the term "Settlement Class" shall refer to the Settlement Class defined herein in Paragraph 10.

11. The Settlement Class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). This includes that it is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent Settlement Class members; that the Class Representatives have fairly and adequately protected the interests of the Settlement Class, and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

12. Gary Mazmanian and Michael McGuinness are approved as the Class Representatives. The Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13. Gregory Haroutunian of Emery Reddy, PC, Grayson Wells of Stranch, Jennings & Garvey, PLLC, John J. Nelson of Milberg, PLLC, and Kristen Lake Cardoso of Kopelowitz Ostrow P.A. are approved as Class Counsel. Class Counsel has adequately represented the Settlement Class and will continue to do so.

**NOTICE TO THE SETTLEMENT CLASS**

14. The Notice Program, set forth in the Settlement Agreement and effected pursuant to the Preliminary Approval Order, was suitable, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, their right to exclude themselves, their right to object to the Settlement Agreement, and to appear at the Final Approval Hearing.

15. Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS**

16. Class Counsel is awarded $135,000.00 in attorney's fees and $5,162.08 in costs to be paid in accordance with the Settlement Agreement. This award of attorneys' fees and costs, and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

17. A Service Award of $2,000.00 to each Class Representative is approved. These Service Awards shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

**OTHER PROVISIONS**

18. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

19. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the Settlement

Class Members submitting Valid Claims, pursuant to the terms and conditions of the Settlement Agreement.

20. As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement Agreement.

21. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, and proceedings relating to the Settlement Agreement shall not be offered or received against Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant with respect to the truth of any fact alleged by any Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Defendant; provided, however, this does not prohibit the use of the Settlement Agreement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement Agreement or this Final Approval Order and Judgment.

22. The Settlement Agreement (including without limitation the releases therein) shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that

are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

23. The Action and the First Amended Class Action Complaint and all claims therein are dismissed with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

24. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement Agreement or the implementation of this Final Order and Judgment.

Dated: August 31, 2026

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE